Now, we have received a late arriving motion to adjourn oral argument in the matter of Nancy Jean Burbridge, debtor, and we are not prepared to act on that motion. We will hear argument as scheduled. Let me say as a personal note, we're not accustomed to receiving motions like this on the day of argument. This is not a settlement. We're not sure it's going to be settled. It may be settled, but whether it's settled depends on proceedings elsewhere. So in any event, we will enter an order today on giving counsel in this case time to pursue their settlement, but we will proceed with oral argument as scheduled. All right. Let us hear from Mr. Brott-Spies, is it? Brott-Spies, Your Honor. Yes. And the other Kevin, Kevin Laurier. Let's hear from you, sir. Yes, Your Honor. I'm here, Your Honor. All right. Let's hear from counsel for the appellant. Thank you, Your Honor. May it please the court, this is Kevin Brott-Spies from McElroy, Deutsch, Mulvaney & Carpenter on behalf of the appellant, Endurance American Insurance Company. This case presents this court with an opportunity to revisit its decision in 1999 in the Barbieri case, which we submit has been abrogated by the U.S. Supreme Court's 2007 decision in Marama v. Citizens Bank. The Fifth and Ninth Circuits in the aftermath of the Marama decision, which are the only two circuit courts to have addressed this issue since Marama, have both recognized that Marama has compelled the determination that a voluntary dismissal under 1307B of the Bankruptcy Code is not absolute and is indeed subject to a bad faith exception. As observed by the Bankruptcy Court in the case below, this case is, quote-unquote, the poster child for this court to revisit its precedent in light of the subsequent case law from the United States Supreme Court. Indeed, here, the Bankruptcy Court judge found, quote-unquote, the most egregious bad faith conduct in his decades on the bench by a debtor. The debtor here concealed, used, and transferred hundreds of thousands of dollars while in her Chapter 13 case without court approval and, in fact, in direct contravention of a preservation order that had been ordered by the Bankruptcy Court. The reasons that we believe this court should revisit its Barbieri decision and change the state of the law in this circuit are actually very well outlined in the Armstrong decision from within this circuit. That was a Bankruptcy Court for the Eastern District of New York decision in 2009. And, you know, the first reason and really, I think, the principal reason is that Marama calls for a comprehensive, holistic reading of the Bankruptcy Code rather than the narrow application that was taken by this court 21 years ago on Barbieri. What Barbieri does is it essentially deletes Section 1307C from the Bankruptcy Code in its entirety. 1307C gives bankruptcy judges discretion on how to address a bad faith debtor by giving the Bankruptcy Court the ability to take certain actions with respect to a debtor who acts in bad faith. By deleting that provision and, instead, strictly applying 1307B, what it does is it removes any ability of the Bankruptcy Court to address a bad faith conduct by a debtor by giving that debtor an absolute right to dismiss his or her case. So the debtor can abuse the bankruptcy process and pull themselves out of bankruptcy without repercussion or with very limited repercussion. And second, while we do recognize that Chapter 13 is a voluntary chapter of the Code, what it does, what Barbieri does, is it removes the Bankruptcy Court's ability to utilize the full breadth of the Code to address bad faith conduct. Chapter 13 is for honest and conscientious debtors. It is not a safe haven for a bad faith debtor to abuse the bankruptcy process, take advantage of the automatic stay and the other benefits that are given to debtors, act in bad faith, and receive the gift of an escape hatch that the Barbieri decision presents in this circuit. Third, Marama supports that a debtor may forfeit the absolute right to dismiss his or her case by acting in bad faith. Additionally, Marama addresses the at-any-time language in Section 706A of the Code, thus negating the Barbieri Court's reliance on that language under Chapter 13. And fifth and finally, the Congress's post-Barbieri enactment of Section 1307E of the Code certainly sheds doubt on the Barbieri Court's reliance on the quote-unquote shall language in 1307B, which has been the hang-up in this circuit with respect to the should give a more holistic and complete reading to the Bankruptcy Code and should not delete 1307C from the Code, which is effectively what Barbieri does. And with that, I will take any questions that the Court has. Thank you for the time, Your Honors. Thank you very much. And we'll understand your approach to statutory interpretation. It seems to me that 1307B could not be clearer. It says, if the case hasn't been converted, the Court shall dismiss under this chapter. So, that language strikes me as elusive, and I don't understand how it's trumped by what you termed a holistic interpretation of the Code. Sure. And thank you, Judge, for the question. So, the language shall, I agree, Judge, the language shall, it says what it says, but the interpretation of that provision to, in every circumstance, require that the Court dismiss a Chapter 13 case on request of the debtor, irrespective of anything else that may have been going on in the case. That narrow, strict reading of 1307B would eliminate any ability, you might as well delete 1307C from the Bankruptcy Code, because it would remove any ability of the Bankruptcy Court to address a bad faith debtor context. One minute. Let me give my colleagues, since time is running short, let me give my colleagues a chance just to ask any questions they want. Judge Rodgers? Yes. You referenced at the outset the decisions of the Fifth and Ninth Circuit, but it seems to me that their reading of Maremma is broader than what the Supreme Court ultimately indicated should be done in Law v. Segal, which postdates the Two Circuit cases. How, if at all, do you think Law v. Segal informs your argument here? Thank you for the question, Judge. Law v. Segal, I don't think, not only does it not harm our argument, but I think it helps to underscore our argument by clarifying that this is not an issue of the broad discretion given to courts under Section 105 of the Code, but it's actually a statute, but Maremma was actually a statutory analysis dealing with Sections 1307 and 706 of the Code. And 706B and 1307B. I mean, it was quite specific as to which sections of the Code, and those are not in play here. Well, 1307, respectfully, Judge, 1307B is in play here because that's the provision that was relied upon by the Barbieri Court and by the court below to hold that a debtor has the absolute right to dismiss a Chapter 13 case, and that's the provision that we respectfully submit, Judge, is being interpreted too narrowly in this circuit and should be interpreted more holistically and broadly within the scope of the Code, within the other provisions of the Code, so as not to produce an absurd result as has occurred here. All right, thank you. Judge Barker? Uh, I have no further questions, thank you. I have no further questions. I'll hear now from Counselor Filiatt-Pelley. Thank you, Your Honors. This is Kevin LaRilliere, and I represent Nancy Burbridge, the appellee in this case, and I would like to say that I am honored to be appearing for my very first time before this venerable Court, and I appreciate the time and consideration in this matter. The questions that were just posed to the appellant is really the basis of my argument, which is, Your Honors, 1307B, which is really the applicable statute before the Court on this is clear and unambiguous and has the word shall in it, and it says, on request of the debtor at any time, the Court shall dismiss the case under this chapter, and it's based upon that clear statutory language, and then this Court's decision in in re barbieri that was decided in 1999 that I if they're going to file bankruptcy, are they going to file Chapter 7 and liquidate, or are they going to go what's more favorable to the creditors and go into a Chapter 13 where they're going to apply their disposable income to pay at least a partial payment to their creditors? So it's my argument that I think that the Court should encourage debtors to go into a Chapter 13. It's more beneficial to the estate and to the creditors, and it's interesting to note, I would note that the Chapter 13 trustee in this case is not participating on this appeal, so I interpret that to say that the trustee that was involved in this case didn't feel a compelling need to try to overturn barbieri and the encouragement of barbieri for debtors to file 13 rather than a bankruptcy. So your honors, when I put Nancy Burbridge, and when Ms. Burbridge decided to go into Chapter 13, it was with what her legal rights existed at that time, which was the right to dismiss the bankruptcy case for reasons, and for reasons, many reasons that had nothing to do with bad faith or taking advantage of the bankruptcy code or anything else, but there were other pending litigations in state courts that Ms. Burbridge decided to dismiss her Chapter 13 case because her husband and her son were having to defend themselves in New York County Supreme Court, which is where the settlement was just submitted, hopefully for Judge Cohen's that reason, not bad faith or any egregious behavior, that she decided that she was better off joining her son and her husband, who were having to defend the case in Supreme Court down in New York County, and so she exercised her right under the statute and under Inouye Barbieri and did that, and I would just ask that this court not overturn the law that has been well Supreme Court cases being relied upon by the appellant is just not relevant. It does not mention 1307B, which is really the statute that is at issue in this case, and I guess I would like to just end, I'll keep my argument as brief as I did my appellate brief, which is that I would ask this court if it is considering whether to recognize a bad faith exception, I would ask that not do it in this case, but maybe just signal that in the future and the appropriate case that that's a possibility because then it gives the litigants an understanding of what their rights are when they decide to file bankruptcy. It would just be, I believe, a very unfair outcome if this court, you know, abandoned its decision or overturned its decision in Inouye Barbieri and sort of undermined what everybody's expectations and legal rights were when they filed the bankruptcy case here. Thank you, Your Honor. Thank you very much. Judge Parker, any questions? Oh, I have no more. Judge Raji? I have none. All right, and I have none, so we will reserve decision in this matter, and we will enter an order in due course regarding the future of the court's consideration of this case in light of the motion that was filed earlier today, and we